DENNIS Justice.
In this attorney disciplinary case, after considering the evidence and arguments of counsel, we find that the respondent lawyer, 0. Bernard Boddie, violated disciplinary rules by negligently converting $712.09 of his clients’ funds and failing promptly to pay or deliver such funds as requested by his clients. Considering aggravating and mitigating circumstances, we suspend the respondent attorney from the practice of law for one year.
The attorney was employed by a married couple, the DeMosses, to represent them in the private adoption of a child born in December, 1985. To prevent disclosure of his. clients’ identity, the attorney agreed to have the hospital bill him for the expenses of the childbirth, and the clients agreed to provide funds for payment of the bill when the lawyer received it. Sometime in January, 1986 the attorney informed his clients that he had received the hospital’s total and final statement of $2,322.94. The DeMoss-es, who were both registered nurses, thought the charges were either erroneous or excessive. They contacted the hospital’s director of patient accounting who agreed to review the billings. The director found some overcharges and sent a corrected statement, for some six hundred dollars less than the original, to the attorney on February 20, 1986. The attorney failed to forward the corrected statement to his clients. He also failed to inform them that he received rebillings and two collection letters during the following months.
During this time, however, the lawyer sent bills for three of the charges included in the statement to his clients for payment. The DeMosses sent three separate checks to him for payment of the bills: $280.90 on January 16, 1986; $300.00 on June 4, 1986; and $131.90 on August 28, 1986. Nevertheless, the attorney did not pay these funds, totaling $712.09, over to the hospital.
On June 3, 1986 the hospital accounting director called Mrs. DeMosses and informed her no payment had been made on the account. Shocked by this news, Mrs. DeMosses explained that she would call the director back after she spoke with Mr. Bod-die. Also, on June 3, 1986, the attorney phoned the hospital and agreed to send a check for $228.25, which was the amount owed for services performed specifically for the baby. However, this check (not received until September 30, 1986) was returned because of insufficient funds. Although Mr. Boddie had completed the adoption proceedings as far as obtaining the interlocutory decree in July of 1986, the DeMosses were very dissatisfied with his handling of the medical bills and demanded the return of their $712.09 so that they could begin making installment payments directly to the hospital. After several demands, the attorney gave the DeMosses his check for $712.09 dated September 5, 1986, but the bank denied payment for lack of sufficient funds. Sometime shortly thereafter, the attorney was discharged.
*946 On September 22, 1986, the DeMosses employed new counsel, Mr. Smith, who sent the respondent attorney, Mr. Boddie, letters on September 23, 1986, putting him on notice of a malpractice claim and demanding delivery of the adoption file and the $712.09. Mr. Boddie exchanged correspondence with Mr. Smith throtigh October and November but refused to surrender the funds or the file. On October 31, 1986, the DeMosses mailed a complaint against Mr. Boddie to the bar association. Finally, on December 15, 1986, Mr. Boddie released the file and agreed to pay the $712.09 to the hospital which he did by money order on December 29, 1986.
Mr. Boddie testified that he did not know whether he ever placed the $712.09 received from the DeMosses in his client’s trust account. He confessed at the hearing that he could not produce any trust account records and did not know if any existed. He conceded that his trust account lacked sufficient funds to cover the $712.09 check he had given the DeMosses. When asked what happened to the money, he said, “I would assume it was used in paying expenses and overhead.” Mr. Boddie testified that when he realized his clients could not pay the entire hospital bill in one lump sum he became concerned that they would never pay it; that his foremost concern was that the hospital would seek payment from the natural mother and her parents although he had assured them this would not happen; that secondarily he was concerned that the hospital would bring suit against him because he had agreed to be responsible for the charges; and that he retained the funds as “leverage” to force the DeMosses and their new lawyer to enter an agreement with the hospital to hold him and the natural mother’s family harmless.
Under the disciplinary rules adopted by this court for regulation of the legal profession, a lawyer must deposit all funds of clients and funds belonging in part to a client and in part presently or potentially to himself in an identifiable clients’ trust account separate from his operating account. If requested by a client a lawyer must pay or deliver to the client funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive. A lawyer must maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them. DR 9-102, La.Code of Professional Responsibility; LSBA v. Hinrichs, 486 So.2d 116 (La.1986).
Mr. Boddie violated DR 9-102 either by failing to place his clients’ funds in a client’s trust account, or, by causing his clients’ funds which were "not due to him to be withdrawn and used for his own benefit. He also breached the rule by his failure to deliver to the DeMosses upon their request funds that they were entitled to receive. There is no exception to this part of the rule. To permit a lawyer to extract from a client an agreement or condition contrary to the client’s interest with the leverage of the client’s own funds would eviscerate the provision. Finally, Mr. Boddie violated the rule by his failure to maintain records of all funds of the DeMosses coming into his possession and his failure to render appropriate accounting regarding them.
Mr. Boddie was not given fair notice of all of these charges, however, because the Committee’s specifications only accused him of conversion and failure to deliver client funds. Accordingly, in order to protect the respondent from an unconstitutional deprivation of due process, only the violations included in the charges of the bar association’s petition will be considered. See LSBA v. McGovern, 481 So.2d 574, 576 (La.1986) and authorities cited therein.
Under our cases and the ABA Standards for Imposing Lawyer Sanctions, disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury to a client. LSBA v. Hinrichs, 486 So.2d 116 (La.1986); LSBA v. Hickman, 471 So.2d 696 (La.1985); Standards § 4.1. We do not believe that disbarment is fitting in the present case because the evidence is not convincing that the respondent knowingly converted funds. The evidence reflects that his office and bookkeeping procedures were in disarray and *947 that he was without a secretary during much of the time involved. In fact, he fired the secretary employed during the time of the incident at issue. He did not practice deception, or ever deny that the funds were not due the clients. The case does not have the typical elements usually deserving disbarment: lawyer’s bad faith and intent to achieve a result inconsistent with his client’s interest; forgery or other fraudulent acts; a deprivation of great magnitude or duration; failure to make restitution or doing so tardily after extended disciplinary or legal proceedings. LSBA v. Hinrichs, supra, and authorities cited therein. We conclude that Mr. Boddie handled his clients’ funds negligently and that some of them were converted to his use in paying office expenses through carelessness rather than bad faith. Because the conversion was not intentional, was not of so great a magnitude as to threaten permanent loss of the funds, and did not cause serious harm to the clients, disbarment is not appropriate.
Suspension is generally appropriate when a lawyer knows or should know he is dealing improperly with client property and causes injury or potential injury to a client. The most common cases involve lawyers who commingle client funds with their own, or fail to remit client funds promptly. Because lawyers who commingle client’s funds with their own subject the client’s claims to creditors and other risks, commingling is a serious violation for which a period of suspension may be appropriate even in cases when the client does not suffer a loss. Standards § 4.12; see LSBA v. Hinrichs, supra.
The damage sustained by the clients because of the attorney’s misconduct does not appear to have been permanent or of great magnitude. With Mr. Boddie’s eventual restitution and the hospital’s indulgence the DeMosses were able to pay the bills and preserve their credit. Mr. Boddie had performed substantial services in the adoption when he was discharged. The De-Mosses were able to complete the adoption with their new lawyer’s services, and, insofar as the record discloses, the change in attorneys did not cost them any increase in overall legal fees.
The mitigating circumstances outweigh the aggravating circumstances in this case. The respondent has no prior disciplinary record. He had no dishonest motive. Although the mitigative effect is weakened by his tardiness, he did make restitution. Although he failed to respond to the Committee’s initial requests and had to be subpoenaed, thereafter he made full and free disclosure to the disciplinary board and had a cooperative attitude toward the proceedings. His reputation for honesty and integrity in his profession and community is very high. See Standards § 9.3.
There were only two slightly aggravating circumstances. Mr. Boddie’s failure to respond to the Committee’s requests without compulsory process cannot be applauded. On the other hand, it cannot be said that he was guilty of bad faith obstruction or intentional failure to comply with rules or orders of the committee. Mr. Boddie was admitted to the bar in 1974, has substantial experience in practice, and therefore should have been able to handle his clients’ funds properly. Clearly, however, Mr. Boddie has not been guilty of the more damning aggravating circumstances, such as prior disciplinary offenses, dishonest motive, a pattern of misconduct, multiple offenses, submission of false evidence or other deceptive practices, or complete indifference to making restitution. See Standards § 9.2.
Considering the mitigating weight of the evidence, together with our previous decisions, we conclude that a one year suspension is appropriate in this case. We previously observed that a suspension of one year or less is called for where the negligence in withdrawing or retaining client funds is not gross, no other fraudulent acts are committed in connection with the violation of the disciplinary rule, there is no serious harm to the client, and full restitution is made promptly, usually before any legal proceeding or disciplinary complaint is made. See LSBA v. Hinrichs, supra, and authorities cited therein. In the present case, restitution was made some *948 six weeks after the disciplinary complaint was filed, but because of the significant mitigating circumstances we do not think the sanction should be raised above the level of a one year suspension.
Decree
It is ordered, adjudged and decreed that Ollie Bernard Boddie be suspended from the practice of law for one year from the date of finality of this judgment, at respondent’s cost.
ONE YEAR SUSPENSION ORDERED.